Alexander *et al. vs.* Maltbie.

HILL & CANDLER; GARTRELL & STEPHENS, for plaintiff in error.

JOHN T. GLENN, Solicitor General, by Z. D. HARRISON, for the State.

---

THOMAS W. ALEXANDER *et al.*, executors, plaintiffs in error, *vs.* JOHN W. MALTBIE, executor, and PHILADELPHIA MALTBIE, executrix, defendants in error.

1. The tender of Confederate money in payment of two notes, one made in March, 1861, and the other in January, 1862, did not create such an equity as would authorize a jury to reduce a judgment for the full amount, under the provisions of the Relief Act of 1868.

2. Though the notes upon which said judgment was based may have been given for Georgia Railroad bank bills, yet a tender of Confederate money sufficient to purchase such bills will not create such an equity.

Relief Act of 1868. Tender. Before Judge RICE. Gwinnett Superior Court. March Term, 1873.

The evidence showed that the defendants, in November, 1862, tendered to the plaintiffs' testator Confederate money sufficient to purchase Georgia Railroad bank bills for which the notes, on which the judgment was based, were given. This tender was refused.

For the remaining facts, see the decision.

J. N. GLENN; CLARK & PACE, for plaintiffs in error.

L. J. WINN; J. P. SIMMONS, for defendants.

WARNER, Chief Justice.

The plaintiffs instituted suit on two notes: the one dated 16th January, 1862, due one day after date, for $425 00, the other note dated 28th March, 1861, for $25 00, and obtained a judgment for the full amount due on the notes on the 14th September, 1867. In March, 1873, a motion was made to open and scale that judgment, under the provisions of the Relief Act of 1868. On the hearing of that motion, the jury, under the charge of the Court, found a verdict for the plaintiffs for the full amount of the judgment. The defendant's made a motion for a new trial, on the ground that the Court erred in its charge to the jury, which was overruled, and the defendants excepted. The Court charged the jury, in substance, that the tender or offer to tender Confederate notes in payment of the plaintiffs' debt, or the offer to do the other things, as set forth in the record, did not create such an equity as would authorize the jury to reduce the amount of the judgment. In view of the evidence contained in the record, we find no error in the charge of the Court to the jury, or in the refusal to grant a new trial.

Let the judgment of the Court below be affirmed.